FRED CHAPPELL, APPELLANT, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLEE.

FILED NOVEMBER 20, 1931. No. 27932.

*O'Brien & Powers* and *John A. McKenzie,* for appellant.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* contra.

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PER CURIAM.

This is an action brought to recover damages for personal injuries sustained because of the alleged negligence

of the defendant railroad company. Plaintiff claims to have been injured while engaged in loading old steel rails on a flat car. The negligence alleged and relied upon is the claimed failure of the employer to provide a sufficient number of competent employees to perform the work, in reasonable safety, in which plaintiff was then engaged. Plaintiff, at the time the alleged injuries were said to have been sustained, was a man, mature and experienced at hard labor. He had previously been employed in railroad work, though never in the capacity in which he claims the injuries sued for were sustained. His evidence is to the effect that on or about the 18th of October, 1929, he and the party of which he was a member were engaged in loading old rails on a flat car; that after somewhat more than three hours of labor plaintiff and those cooperating with him, in loading this car, had received a rail from the employees who were transferring the old rails from a pile near the track to the flat car on which they were being loaded; that plaintiff, together with his fellow workmen, employing tongs, had carried this rail over to the proper place where it was to be piled upon this flat car, and while bending over it to "set it down" plaintiff experienced what he then described to the fellow workmen as a "kink in his back;" that immediately preceding this there had been no untoward incident affecting plaintiff or his fellow workmen, nor had there been any unexpected movement of the burden then in process of transportation. No complaint or notice was given by the plaintiff to the defendant company for more than six months after this incident.

At the close of all the evidence the district court, on motion of the defendant, directed a verdict against the plaintiff, from which he prosecutes this appeal.

We find that no error was committed by this action of the district judge. The facts in this case, as disclosed by the plaintiff's evidence, bring it squarely within the doctrine announced in *Culver v. Union P. R. Co.*, 112 Neb. 441: "As a general rule an employer owes no duty to warn an employee of mature age of the extent of his lifting ability, and one who attempts to perform a task of this

nature, requiring exertion beyond his physical strength, assumes the risk of injury therefrom." See, also, *Baker v. Sterrett Operating Service*, 40 Fed. (2d) 790; *Schweig v. Chicago, M. & St. P. R. Co.*, 216 Fed. 750.

It follows that the judgment of the district court is correct, and it is

AFFIRMED.